76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis LAMPE; Julia Lampe, Plaintiffs-Appellants,
v.
ANDERSON NEWS CORP.; Charlie Anderson, Jr., Ceo,
Defendants-Appellees.
 No. 94-16608.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided Feb. 9, 1996.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Louis Lampe, who had suffered two back injuries, was terminated from his job with Anderson News Corporation ("Anderson"). Lampe sued Anderson under a variety of theories. The district court entered summary judgment for Anderson. Lampe appeals on two grounds. First, Lampe argues that under the Americans with Disabilities Act he is a "qualified individual with a disability" and as such is entitled to "reasonable accommodations" on the part of Anderson. Second, Lampe contends that Anderson committed the tort of wrongful discharge because Anderson terminated Lampe in retaliation for filing a workers' compensation claim. We affirm the district court's judgment.
 
 BACKGROUND
 
 3
 Lampe first injured his back when he slipped on ice in 1987. As a result of this injury, Lampe sustained a 5% general physical functional disability rating by the Industrial Commission of Arizona. Lampe was released to work with certain restrictions outlined by his physician. Anderson accommodated Lampe and even promoted him.
 
 
 4
 In April of 1992, Lampe injured his back again. He reopened his workers' compensation claim and took time off work. When Lampe returned to work in May, Lampe's physician restricted Lampe to eight to ten hours per day of light duty. By October 1992, however, Lampe could work only up to four hours per day and could not complete the work required in his job. Despite his shortened hours, Lampe received his full salary until he was terminated in November of 1992. The stated reason for Lampe's termination was that "he was unable to perform work duties."
 
 
 5
 In February 1993, Lampe's physician determined that Lampe was "now essentially asymptomatic" and that he "has sustained no permanent impairment as a result of his industrial injury and can return to all activities he was performing prior to the injury."
 
 ANALYSIS
 
 6
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 I. Americans with Disabilities Act Claim
 
 7
 Under the Americans With Disabilities Act ("the Act"), an employer may not "discriminate against a qualified individual with a disability." 42 U.S.C. § 12112(a). A "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). In determining whether an individual is "substantially limited in a major life activity," the following factors should be considered: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).
 
 
 8
 Lampe's condition is not sufficiently severe or permanent to warrant being called a disability under the Act. He has no impairment that "substantially limits one or more of [his] major life activities." 42 U.S.C. § 12102(2). Lampe never received a general physical functional disability rating higher than 5%, and indeed, by February 1993, Lampe's physician concluded that Lampe was asymptomatic and had "sustained no permanent impairment."
 
 
 9
 Because we find that Lampe is not disabled, we reject his Americans with Disabilities Act claim. We need not reach the issues of whether Lampe is a "qualified individual" or whether Anderson made reasonable accommodations.[1]
 
 II. Wrongful Termination Claim
 
 10
 Pursuant to Arizona law, "[a]n employer may fire for good cause or for no cause [but he] may not fire for bad cause--that which violates public policy." Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1033 (Ariz.1985). The Arizona Court of Appeals has held that "the termination of an at-will employee in retaliation for filing a workers' compensation claim can serve as the basis of a cause of action for wrongful discharge." Douglas v. Wilson, 774 P.2d 1356, 1358-59 (Ariz.App.1989).
 
 
 11
 Lampe alleges a wrongful discharge in that Anderson terminated him in retaliation for his filing a workers' compensation claim, but he fails to "present affirmative evidence in order to defeat [the defendant's] properly supported motion for summary judgment." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Lampe notes that "the claim was still open at the time of plaintiff's termination," but this fact is not sufficient to relieve Lampe "of his own burden of producing ... evidence that would support a jury verdict." Id. at 256. Lampe had had a previous workers' compensation claim, and Anderson promoted him after it was filed. Lampe offered no evidence of causal connection between the fact that he had a compensation claim pending and his discharge. He also offered no evidence of a pattern by Anderson of retaliation against workers who filed compensation claims. Nor are the memoranda of Mary Curnow, an Anderson employee who wrote memoranda critical of Lampe, sufficient to support a jury verdict in Lampe's favor. Anderson offered evidence that Lampe could not perform his job because he was either unable or unwilling to work the number of hours necessary to complete it. Thus, Anderson had a legitimate reason for discharging Lampe. The district court properly granted Anderson's motion for summary judgment with respect to the wrongful discharge claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We also reject Lampe's purportedly separate argument that he was "regarded as having such a [disabling] impairment" by his employer, under 42 U.S.C. § 12102(2)(C). While it is conceivable that Lampe's constant requests for accommodation may have caused Anderson to regard Lampe as having a back disability, Anderson nevertheless had no reason to suspect that Lampe was more disabled than he actually was, because Lampe's doctor sent Anderson many notes apprising it of Lampe's condition. Thus, Lampe's claims of actual disability and perceived disability collapse into one another and both fail